United States District Court
Southern District of Texas
**ENTERED**
March 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GUSTAVO MALDONADO-OLIVARES, § § Plaintiff, § VS. § § MISC. ACTION NO. 7:19-MC-00011 GEO DETENTION CENTER STAFF, *et al.*, § § Defendants. § | |

GUSTAVO MALDONADO-OLIVARES, §
　　　　　　　　　　　　　　　　　§
　　　Plaintiff, §
VS. §
　　　　　　　　　　　　　　　　　§ MISC. ACTION NO. 7:19-MC-00011
GEO DETENTION CENTER STAFF, *et al.*, §
　　　　　　　　　　　　　　　　　§
　　　Defendants. §

## REPORT AND RECOMMENDATION

Plaintiff Gustavo Maldonado-Olivares, a federal prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was attempting to assert civil rights claims against individuals working at the Geo Detention Center while he was housed there as a "federal pretrial inmate." Plaintiff alleges that he suffered injuries as a result of an attack by inmates at the facility after he was "moved to another block." Because Plaintiff wished to proceed in forma pauperis, the Court informed him of his obligations to pay the filing fee pursuant to the Prison Litigation Reform Act (PLRA). (*See* Docket Nos. 1, 2.) However, Plaintiff did not respond to the order, which was subsequently returned as undeliverable. In addition, after initiating this action, Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

Plaintiff initiated this action by filing a "Complaint," presumably pursuant to 42 U.S.C. § 1983. Plaintiff asserted that he "was in the custody of the United States Marshal's Service" as a "federal pretrial inmate," being "housed at the Geo Detention Center" in La Villa, Texas. (Docket No. 1-1, at 5.) He alleges that at the facility he was "employed as a foodservice worker," and was approached by "inmates in Block 15" requesting "food items or special prepared foods, not given to inmates." (*Id.*) Plaintiff refused to comply. (*Id.*) However, after reporting the issue to staff at the facility, he was transferred (for unknown reasons) to "Block 15 in the detention facility." (*Id.* 6.) Upon his arrival in Block 15, he was confronted and attacked by numerous inmates, who repeatedly kicked and punched him while staff observed the assault. (*Id.* at 7.) According to Plaintiff, he sustained "injuries to his neck and spine" and he "requests $200,000 from each defendant for their negligence." (*Id.* at 9.)

As noted, along with his proposed Complaint Plaintiff submitted an application to proceed in forma pauperis. (Docket No. 1.) However, he failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action. (*See id.*) The undersigned entered an order alerting Plaintiff to his deficiency. (Docket No. 2.) As the order explained, in order to qualify to proceed in forma pauperis, Plaintiff must file the requisite inmate trust fund account statement. (*Id.* (citing 28 U.S.C. § 1915(a)(2)).) Plaintiff was also informed that he "must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (*Id.* at 2.) Plaintiff was warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).)

The Court received no response from Plaintiff. In fact, this order was returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this action. (Docket Nos. 3, 4.) In addition, Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action in two ways. First, as a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket Nos. 3, 4.)

Second, Plaintiff has never paid the required filing fee, and he failed to respond to the Court's order regarding his obligations to proceed in forma pauperis. In addition, he has not taken any other action to move his case forward.

In sum, because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and failed to either pay the filing fee or to file a properly supported in forma pauperis application, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[1] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

---

[1] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

4

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for want of prosecution.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on March 11, 2021.

Juan F. Alanis
United States Magistrate Judge